7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric WALDRON, Defendant-Appellant.
 No. 92-5283.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 30, 1993.
Decided: September 27, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-91-524-A)
 Frank G. Aschmann, Aschmann & Aschmann, Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Leslie B. McClendon, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Eric Waldron appeals from his convictions of possession of heroin, in violation of 21 U.S.C. § 841(a)(1) (1988), and of prisoner in possession of a controlled narcotic substance, in violation of 18 U.S.C. § 13 (1988) (assimilating Va. Code Ann. § 53.1-203(5) (Michie 1991)). Waldron's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that no meritorious issues exist for appeal. Waldron has not filed a supplemental brief, though he was informed of his right to do so. After a thorough review of the entire record, we affirm.
 
 I.
 
 2
 Prior to trial, Waldron's counsel moved in limine for the suppression of the heroin allegedly possessed by Waldron. He argued that the chain of custody had been broken and supported his claim with Waldron's testimony. The Government proffered the testimony of a prison official who testified that Waldron's testimony was incorrect and that no breach of the custody chain had occurred. The district court found the Government's witness more credible; found no break in the chain of custody of the heroin; and denied the suppression motion.
 
 
 3
 It is the role of district courts to observe witnesses and weigh their credibility. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). This Court only disturbs findings of fact by the district court if clearly erroneous. United States v. White, 875 F.2d 427, 431 (4th Cir. 1989). Further, evidentiary errors are reviewed for abuse of discretion. United States v. Gravely, 840 F.2d 1156, 1162 (4th Cir. 1988). The district court's credibility determination is binding on this Court. Because the credibility determination underlay the factual finding, the finding was not clearly erroneous. Having found no break in the custody chain, the district court did not abuse its discretion in denying the suppression motion.
 
 II.
 
 4
 The second colorable error noted by Waldron's counsel concerns peremptory strikes. During voir dire, the Government struck a black juror. Waldron's attorney objected to the strike, and the Government explained that the juror had previously found a Lorton inmate not guilty in another trial. Thus, the Prosecution feared bias. The district court overruled the objection and allowed the strike.
 
 
 5
 A prosecutor may not use peremptory strikes to exclude jurors on the basis of race. Batson v. Kentucky, 476 U.S. 79 (1986). Assuming, arguendo, that Waldron could make out a prima facie case of discriminatory striking of jurors, as required by Batson, id. at 95-97, no error was committed below. The Prosecution showed a race-neutral reason for the peremptory strike. Thus, the district court was correct in finding that the Government's fear of the juror's predilection overcame any accusation of racial animus.
 
 III.
 
 6
 Finally, Waldron's counsel raises the issue of the sufficiency of the evidence to support a finding of guilt. This Court reviews such claims to discover whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Government produced eyewitness testimony to Waldron's flight from the officers upon their request to perform a search; to Waldron's striking of a prison guard during flight; to Waldron's attempt to secretly discard a heroin package; and to discovery of heroin in Waldron's personal locker. The evidence against Waldron was substantial and fully supports the jury's findings of guilt.
 
 IV.
 
 7
 In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal; we therefore affirm Waldron's conviction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 30006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review, and to prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED